**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4126
_____

HELENA FAHERTY,
                        Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00395)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2017

Before:  SMITH, *Chief Judge*, FUENTES, *Circuit Judge*, and STARK,[*] *Chief District Judge*

(Opinion filed: July 11, 2017)
_____

OPINION[**]
_____

_____

[*] Honorable Leonard P. Stark, Chief Judge of the United States District Court for the District of Delaware, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Helena Faherty appeals an adverse summary judgment ruling on her Title VII suit. We will affirm.

Faherty, a Caucasian woman,[1] worked for the Transportation Security Administration ("TSA") as a Supervisory Transportation Security Officer at Philadelphia's international airport. Prompted by an anonymous letter, in 2007 the TSA began investigating allegations of widespread overtime and scheduling abuses by the supervisory staff. The initial stages of the investigation were conducted by a Federal Air Marshal, whose preliminary findings—that Faherty was one of seven supervisors who had potentially falsified her time and attendance records—were then handed off to TSA management.

When confronted, Faherty denied any wrongdoing and provided explanations for some of the alleged discrepancies. As she explained, her time and leave practices had been authorized by her former manager (since deceased), who signed off on her time sheets and allowed her to telework from home on occasion.

The final disciplinary decision was entrusted to George E. Clisby, the airport's Acting Deputy Federal Security Director, who thought Faherty's violations were serious enough to warrant her termination. According to his written Notice of Decision on Proposed Removal, Clisby identified inconsistencies in Faherty's account of the

---

[1] Faherty elsewhere identifies herself as Hispanic/Native American. We use the designation from her appellate brief; ultimately, the distinction is not material.

permission her deceased manager had allegedly granted—which Clisby could not, for obvious reasons, verify with the manager—and in her underlying conduct. In Faherty's protestations of innocence, Clisby saw instead a "failure to take responsibility for the misconduct," suggesting that her "potential for rehabilitation [wa]s poor."[2]

In the end, of the seven supervisors investigated, six saw their employment with the TSA come to an end. Two resigned before formal disciplinary proceedings began. Four others (including Faherty) were let go.

Faherty's lawsuit focuses on the odd one out: supervisor CH, who was demoted instead of fired despite a similar—or, as Faherty asserts, more egregious—pattern of time and leave violations. Like Faherty, CH claimed during the disciplinary proceedings that some of his apparent "violations" had in fact been authorized by his manager. But while Clisby had not believed Faherty, he *did* credit CH's excuse, declining to sustain certain of the disciplinary charges against him. Because Clisby, like CH, is an African American man, Faherty charged that she had been the victim of race and gender discrimination and, as a result, had been fired in violation of the law.

Applying the familiar three-part *McDonnell Douglas* burden-shifting framework for Title VII claims—plaintiff's *prima facie* case, employer's legitimate reason, plaintiff's demonstration that the "legitimate reason" is pretextual[3]—the District Court

---

[2] App. 79.

[3] *See Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

granted summary judgment in favor of the TSA. Particularly salient to the District Court were two differences between CH's situation and Faherty's. First, unlike Faherty, CH was able to offer a sworn statement from his manager that backed up parts of his story— for instance, that he sincerely thought he could go home 59 minutes early without claiming leave.[4] Second, CH admitted his mistake and accepted responsibility, promising that, if retained as a TSA employee, he would "not repeat the [mis]conduct." Clisby took this into account as a positive factor in CH's "potential for rehabilitation."[5] The District Court concluded that Faherty failed to make the required showing, through either direct or circumstantial evidence, that a reasonable factfinder could find impermissible racial or gender-based discrimination. Faherty appealed.[6]

Having reviewed the record, we agree with the District Court that, assuming Faherty's success at the first step of *McDonnell Douglas*, she has failed to show that the TSA's proffered reason for terminating her was actually pretext for discrimination. Faherty dedicates more than ten pages of her brief to identifying what she describes as CH's extensive derelictions, which (by her calculation) far exceeded her own in scope and severity. But it appears undisputed that Clisby did not assess the raw data from which Faherty draws support, and instead based his analysis on his predecessors' audit—

---

[4] *See Faherty v. Johnson*, 209 F. Supp. 3d 797, 802 (E.D. Pa. 2016). We note that CH's manager was also demoted.

[5] App. 99; *see Faherty*, 209 F. Supp. 3d at 802.

[6] We have jurisdiction under 28 U.S.C. § 1291 and conduct plenary review of the District Court's summary judgment decision. *Jones*, 796 F.3d at 325.

a technique he also appeared to use in Faherty's own review. And Faherty has not shown discriminatory animus by any TSA employees who curated the data for Clisby's use.

Faherty also contends that the District Court impermissibly made credibility determinations and otherwise resolved inferences against her, which it may not do at the summary judgment stage.[7] Her discussion of credibility determinations, however, focuses on *Clisby*'s decision to credit CH's excuses while disbelieving her own. It would indeed be impermissible for the District Court to disregard evidence suggesting that Clisby's decisions involved racial or gender animus, but that is not what the Court did. Rather, it acknowledged Clisby's stated reasons for demoting CH while firing Flaherty: CH "fessed up" and also provided a statement from his manager that partially backed up his excuse. We reject Faherty's assertion that the District Court misapplied the summary judgment standard.[8]

For the reasons set forth above, we will affirm the District Court's judgment.

---

[7] *See Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013).

[8] Faherty asserts also that the District Court improperly considered "hearsay" allegations and looked to factual allegations "not identified in defendant's statement of material facts." Appellant's Br. at 6, 20. These arguments, made only in passing and not developed further, are waived. *See Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 248 n.5 (3d Cir. 2016), *cert. denied*, 2017 WL 2216954 (May 22, 2017).